IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MARK B. MILHOLLAND                                                         PLAINTIFF

V.                                    NO. 15-5109

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration                  DEFENDANT


## MEMORANDUM OPINION

Plaintiff, Mark B. Milholland, brings this action pursuant to 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. §405(g).

I.      **Procedural Background:**

Plaintiff filed his current applications for DIB and SSI on March 14, 2012, alleging an inability to work since October 25, 2011, due to chronic pain, epilepsy seizures, depression and anxiety. (Doc. 12, pgs. 108-111, 205, 208). An administrative hearing was held on May 24, 2013, at which Plaintiff appeared with counsel, and he and his mother testified. (Doc. 12, pgs. 62-107).

By written decision dated December 12, 2013, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe –

fracture of the lumbar spine and seizure disorder. (Doc. 12, p. 49). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Doc. 12, p. 49). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that he can occasionally climb, balance, crawl, kneel, stoop, and crouch. He must avoid hazards, including unprotected heights and moving machinery. He can frequently reach, handle, and finger. On the left, he can frequently operate foot controls. On the right, he can occasionally operate foot controls. He can occasionally tolerate temperature extremes, humidity, and vibrations.

(Doc. 12, p. 50). With the help of the vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff could perform such jobs as assembler, machine tender, and inspector. (Doc. 12, p. 53).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which considered additional information, and denied that request on May 7, 2015. (Doc. 12, p. 7). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 8). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 10, 11).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.    Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's

decision must be affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §423(d)(1)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§423(d)(3).  A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s)

prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §§ 404.1520, 416.920  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his RFC. See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982);  20 C.F.R. § §404.1520, 416.920, abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. §§ 404.1520, 416.920.

**III.    Discussion:**

Plaintiff raises the following issues in this matter: 1) Whether the ALJ erred by failing to fully and fairly develop the record; 2) Whether the ALJ erred at Step Two by not performing the psychiatric review technique; 3) Whether the ALJ erred in his credibility analysis; and 4) Whether the ALJ erred in his RFC determination. (Doc. 10).

The Court finds that there is not substantial evidence to support the ALJ's determination for the following reasons.

On July 15, 2013, Dr. Ahmad Al-Khatib performed a neurological evaluation and examination of Plaintiff at the request of the Social Security Administration. (Doc. 12, p. 700). Dr. Al-Khatib noted that Plaintiff's gait was antalgic with limping on the right leg, and that Plaintiff had difficulties performing tandem walk. (Doc. 12, p. 700). Dr. Al-Khatib gave the following impression:

1. Poorly controlled seizure disorder manifesting as generalized tonic-clonic seizures and complex partial seizures. This can be evaluated further by obtaining an electroencephalogram to evaluate for epileptiform activities.

2. Chronic low back pain and bilateral lower extremity pain. Consider the possibility of lumbosacral radiculopathy. This can be evaluated further by obtaining an electromyography and nerve conduction studies of both lower extremities.

4

(Doc. 12, p. 700). Dr. Al-Khatib concluded that Plaintiff had moderate limitations in sitting, standing, walking, and carrying objects, and should be on seizure precautions, including avoiding driving, operating heavy or dangerous machinery, heights or swimming.

Dr. Al-Khatib also completed a Medical Source Statement, finding that Plaintiff would occasionally be able to lift up to 10 pounds and never lift more than 11 pounds; could sit for one hour at one time; could stand 30 minutes at one time; and could walk 15 minutes at one time. (Doc. 12, pgs. 694-695). He also found that Plaintiff could sit for five hours total; stand for two hours total; walk for one hour total; could frequently reach, handle, finger, feel and push/pull with both hands; and could occasionally operate foot controls with his right foot and frequently operate foot controls with his left foot. (Doc. 12, pgs. 695-696). He found Plaintiff could frequently balance; occasionally climb stairs and ramps, ladders or scaffolds; stoop, kneel, crouch, and crawl; frequently be exposed to dust, odors, fumes and pulmonary irritants, and loud noise; occasionally be exposed to humidity and wetness, extreme cold, extreme heat, and vibrations; and never be exposed to unprotected heights, moving mechanical parts, or operating a motor vehicle. (Doc. 12, pgs. 697-698).

Prior to the evaluation by Dr. Al-Khatib, on May 7, 2012, non-examining consultant, Dr. Ramona Bates, completed a Physical RFC Assessment, finding that Plaintiff would be able to perform light work, with certain postural limitations and seizure restrictions. (Doc. 12, pgs. 385-391). On August 27, 2012, non-examining consultant, Dr. Alice M. Davidson, completed a Physical RFC Assessment, also finding that Plaintiff would be able to perform light work with certain postural limitations and seizure restrictions. (Doc. 12, pgs. 486-492).

In his decision, the ALJ found that the Medical Source Statement provided by Dr. Al-Khatib was not supported by the record as a whole or his own examination findings wherein

Dr. Al-Khatib concluded that Plaintiff had moderate limitations in sitting, standing, walking, and carrying objects. (Doc. 12, p. 53). The ALJ also gave great weight to the opinions of the state agency consultants, who provided assessments at the initial and reconsideration levels. (Doc. 12, p. 53).

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Gilliam's v. Barnhart, 3 93 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id. "The ALJ is permitted to base its RFC determination on 'a non-examining physician's opinion and other medical evidence in the record.'" Barrows v. Colvin, No. C 13-4087-MWB, 2015 WL 1510159 at *15 (quoting from Willms v. Colvin, Civil No. 12-2871, 2013 WL 6230346 (D. Minn. Dec. 2, 2013).

"Opinions of examining sources are typically entitled to greater weight than non-examining sources, see 20 C.F.R. §404.1527(c)(1), as are opinions that present a greater degree of supporting explanation, id. at §404.1527(c)(3)." Smith v. Colvin, No. 4:14-cv-

6

0079-MDH, 2015 WL 5604445 at *8 (W.D. Mo. Sept. 23, 2015). "However greater weight is also afforded to opinions that are more consistent with the record as a whole, id. at § 404.1527(c)(4), and to opinions from persons with a greater understanding of disability programs and their evidentiary requirements. Id. at § 404.1527(c)(6)." Smith, 2015 WL 5604445 at *8.

Subsequent to the Physical RFC Assessment completed by Dr. Davidson, on May 14, 2013, x-rays of Plaintiff's lumbar spine revealed a compression fracture at L3, and chronic and decreased lordosis. (Doc. 12, p. 499). On June 18, 2013, Plaintiff's treating physician, Dr. William McGowan, reported that Plaintiff had moderate pain with his right lower extremity raise of 30 degrees and spine. (Doc. 12, p. 534). Dr. McGowan assessed Plaintiff with lumbar spondylosis – sub optimal control "unable to lift," seizure disorder, and disability examination. (Doc. 12, p. 535). On August 13, 2013, Plaintiff complained to Dr. McGowan of lower back pain radiating to his right calf, right thigh and right buttock. (Doc. 12, p, 29). His symptoms were aggravated by movement. (Doc. 12, p. 29). Dr. McGowan noted at  that time that Plaintiff was using Dilantin daily for his seizure disorder and had not had any recent seizure act. (Doc. 12, p.29).

Dr. Al-Khatib's evaluation and Medical Source Statement were performed and completed almost one year after the completion of the Physical RFC Assessments by the non-examining consultants. In addition, Dr. Al-Khatib recommended that Plaintiff undergo an electroencephalogram; electromyography, and nerve conduction study of both lower extremities.

The Court finds that the ALJ did not give sufficient reasons for not giving Dr. Al-Khatib's opinion and Dr. McGowan's opinion any greater weight, especially since they

examined Plaintiff subsequent to Dr. Bates and Dr. Davidson. Although Plaintiff had an alcohol problem during a portion of the relevant time period, he stopped drinking approximately a year before the hearing, and continued to suffer with back pain. In addition, although his seizure activity had improved, Plaintiff testified that he had been having grand mal seizures every other month, black outs two to three times a month, fell every other day, and "zoned out" a couple of times a day, and was not responsive. (Doc. 12, p. 84). He testified that the last black out he had was about three days prior to the hearing. (Doc. 12, p. 85).

Based upon the foregoing, the Court finds this matter should be remanded in order for the Plaintiff to undergo an electroencephalogram; electromyography, and nerve conduction study of both lower extremities. Once completed, the ALJ should obtain another Physical RFC Assessment from an examining physician, preferably a neurologist.

## IV.   Conclusion:

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, reverses and remands this matter to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. §405(g).

IT IS SO ORDERED this 9th day of August, 2016.

/s/ Erin L. Steer
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE